Dear Mayor Jacobs:
This office is in receipt of your request for an opinion of the Attorney General in regard to the commission form of government as discussed in Atty. Gen. Op. 01-465. You point out that it was noted therein that the State Constitution gives local governments operating under a Home Rule Charter the right to organize and structure their government as they see fit as long as not denied by general law or the constitution. Relative to this observation you set forth the following questions:
 1. What if the City of Donaldsonville decided to have a dictatorship form of government? Would that be permissible because we are a home rule municipality?
 2. Could we interpret the statement: "including but not limited to revised statutes, Title 33:501-571" as meaning that we embrace R.S. 33:501-571 plus any other statutes in addition?
 3. What if Donaldsonville is involved in a legal dispute? Which set of laws would the court rely upon to resolve that dispute if the dispute involves the duties of Donaldsonville elected officials?
In response to your first question, you recognize in Atty. Gen. Op. 01-465 that this office stated under a Home Rule Charter the local government is given the right to organize and structure as they see fit "as long as not denied by general law or the Constitution." Pursuant to this earlier opinion it should be clear that a local government under a Home Rule Charter can only organize its structure in a form not denied by general law or the Constitution, thereby ruling out a dictatorship. Art. 1, Sec. 1 of the Louisiana Constitution mandates that "all government, of right, originates with the people, is founded on their will alone, and is instituted to protect the rights of the individual and for the good of the whole." We find the dictionary defines dictatorship as a form of government in which a dictator has absolute power "without effectual constitutional limitations."
In response to your second question, it appears in Atty. Gen. Op. 01-465 that this office responded to the question whether a home rule charter city could have a commission form of government that is not the same as R.S. 33:501 et seq., and it was noted that the Home Rule Charter provides for a commission form of government with powers, rights, privileges, immunities and authority under the laws of the state as set forth in R.S. 33:501-571, but is not limited to this authority, for it shall have "the right and authority to exercise any power and perform any function" necessary for the management of the city that is not denied by the charter, general law or the constitution. Therefore, the governing authority has all the power set forth in R.S. 33:501-571 plus any authority not otherwise denied by law that is deemed necessary in its management of the city.
In your final question you ask which set of laws would a court rely upon to resolve a legal dispute that may involve duties of a Donaldsonville elected official, and we would conclude those provided for in the Home Rule Charter that are applicable and not in conflict with general state law, for as stated hereinabove, the provisions of the charter cannot be contrary to the general law or the constitution.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: February 28, 2003